974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Esau ORTIZ-ORONA, Defendant-Appellant.
 No. 92-1179.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1992.
 
 Before STEPHEN H. ANDERSON, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from an order of pretrial detention. Defendant was charged by indictment with conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine and fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(C), and 846 and 18 U.S.C. § 2. Although Defendant was initially released on bond, the government filed a motion for revocation of release and motion for stay of release pending review by the district court. The district court stayed the release order pending a decision on the motion for revocation of release.
 
 
 3
 The district court held a hearing on the detention issue. The government presented witnesses who testified that Defendant is a Mexican citizen, he and his family are a threat to the witnesses, other defendants have fled, and Defendant also had the ability to flee. Defendant presented offers of proof indicating that Defendant had not made any actual threats to witnesses and that he had had opportunities to flee but had not done so.
 
 
 4
 At the conclusion of the hearing, the district court ordered detention. It determined that the government proved by a preponderance of the evidence that Defendant is a flight risk and that there was clear and convincing evidence of Defendant's dangerousness.
 
 
 5
 On appeal, Defendant argues that (1) there are insufficient facts to find by clear and convincing evidence that Defendant presents a threat and (2) because Defendant overcame the statutorily imposed presumption in favor of pre-trial detention, based on his connections with the community, his work history, and his voluntary surrender to government authorities on two separate occasions, he should have been admitted to bond.
 
 
 6
 Under [18 U.S.C. s] 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.
 
 
 7
 United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir.1991). The grand jury indictment is sufficient to establish the finding of probable cause that Defendant committed a federal drug offense with a maximum prison term of ten years of more. See id.
 
 
 8
 After reviewing the district court's detention determination de novo, giving due deference to the district court's fact findings, see id. at 1355, we conclude Defendant did not successfully rebut the presumption of detention. Accordingly, the district court correctly ordered that Defendant be detained.
 
 
 9
 The order of the United States District Court for the District of Colorado is AFFIRMED. The government's Motion to Allow the Filing of a Second Memorandum Brief is GRANTED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3