982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Mauro MENDOZA, Defendant-Appellee.
 No. 92-2229.
 United States Court of Appeals, Tenth Circuit.
 Dec. 1, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal by the United States from an order of pretrial release. Defendant-appellee stands charged by indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine and possession of more than five kilograms of cocaine.
 
 
 3
 As we understand the underlying circumstances, a tractor trailer was stopped and searched at a border patrol check point. During the search, a large quantity (1,291 kilograms) of cocaine was found concealed in a load of produce. The driver of the truck was allowed to proceed on his way in order to make a controlled delivery at a certain place in New Jersey. Upon arrival, arrests were made and the truck seized.
 
 
 4
 After learning of the those events, defendant, claiming ownership of the truck, apparently approached law enforcement officials in an effort to obtain its return. The outcome of those efforts is not revealed in the record. Approximately seven months after the arrests of the principal participants in the drug smuggling scheme, the grand jury in the District of New Mexico returned the indictment charging defendant with the offenses.
 
 
 5
 After his arrest in El Paso, Texas, defendant was ordered detained by magistrate judges both in the Western District of Texas and, after removal, the District of New Mexico. Although it is not entirely clear, it appears that the government invoked the presumption of detention under 18 U.S.C. § 3142(e).
 
 
 6
 The defendant sought review of the orders of detention. On October 6, 1992, the district court conducted an evidentiary hearing, which proceeded on offers of proof, documentary evidence, and live testimony.
 
 
 7
 For almost eight years defendant has been a naturalized United States citizen. He lives with his family in El Paso, Texas, and owns a home there. Defendant lives with his second wife and her two children, which he has adopted. In addition, defendant has (and supports) two children by a first marriage. All children are United States citizens. Defendant's version of the story is that he merely loaned his truck to a key participant in the scheme in exchange for rental at $1.10 per mile. There was no indication that defendant has a criminal or arrest record.
 
 
 8
 The government's evidence consisted of testimony by a law enforcement officer, who summarized an investigative report which included information furnished by a confidential informant. That report indicated that defendant was to be paid $20,000 for the use of his truck upon arrival in New Jersey, and that he had assisted in loading. In addition, it was claimed by the government witness that defendant had been seen at the home of the apparent organizer during the evening prior to the day the truck was stopped at the border patrol check point. The district court read, in camera, the full text of the report.
 
 
 9
 The veracity of that information was challenged by defendant who claimed that the confidential informant was the organizer of the drug smuggling scheme who would say anything to obtain favorable sentencing treatment.
 
 
 10
 At the end of the hearing, the district court found that defendant was not a risk of flight due to his long residence in El Paso. Also, defendant was found not to be a danger to the community.
 
 
 11
 The district court ordered release on certain conditions, which included posting of bond (secured by defendant's residence and the residence of his father-in-law), restrictions on travel, weekly reporting, electronic monitoring, and the like. Unfortunately, the district court's order of release was not reduced to writing. See 18 U.S.C. § 3142(h). The government promptly sought and was granted a stay of the release order. Subsequently, the defendant sought to have the stay granted on October 19, 1992, vacated. That motion has apparently not been acted upon.
 
 
 12
 On appeal, the government argues that the statutory presumption of detention was correctly invoked, and that the burden of persuasion had been met. Under 18 U.S.C. § 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to defendant. However, the burden of persuasion regarding risk of flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. United States v. Strickland, 932 F.2d 1353, 1354-55 (10th Cir.1991).
 
 
 13
 Here, the grand jury indictment of defendant was sufficient to establish a finding of probable cause that defendant had committed a federal drug offense carrying a maximum prison term of ten years or more. We assume that the presumption was properly invoked. Next, the burden of production shifted to the defendant. Here, the showing by defendant, if believed, is adequate to indicate that his actions could have an innocent explanation. Specifically, it was defendant's claim that his truck was loaned for ordinary, commercial purposes. Further, if defendant had guilty knowledge of and criminal participation in the underlying scheme, he probably would not have made repeated efforts to obtain return of the truck after it had been seized and other participants arrested. Presumably, he knew and understood that those participants would be available to testify against him if he had been criminally involved in the underlying scheme. Finally, there is clear evidence of defendant's strong family ties in the United States, significant residence here, and an absence of prior criminal record. In its brief, the government alleges that defendant has family ties and business dealings in Mexico. However, that was not shown during the evidentiary hearing.
 
 
 14
 The principal thrust of the government's evidence during the October 6 hearing was to show that defendant had both guilty knowledge of and criminal participation in the underlying scheme. However, that information was obtained mainly from debriefing statement of a confidential information, who may have been a major participant in the underlying scheme. There was scant evidence to support the government's claim that defendant is either a risk of flight or danger to the community if released.
 
 
 15
 From this we conclude that the government failed to meet its burden of persuasion, and that the district court's determination to release on conditions was correct.
 
 
 16
 Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED. Further, the matter is remanded to the district court to determine whether the stay entered on October 19, 1992, should be vacated.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3