986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Caraveo PEREZ, Defendant-Appellant.
 No. 93-8008.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1993.
 
 Before McKAY, Chief Judge, and LOGAN and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Jamie Caraveo Perez appeals from an order of the district court granting the government's motion to revoke defendant's release on bail pending trial. We affirm.
 
 
 3
 Defendant was charged in a two-count indictment in Wyoming with conspiracy to possess marijuana with intent to distribute and aiding and abetting possession with intent to distribute marijuana. Defendant was arrested in California and was released on bail. He reported as ordered to the United States District Court for the District of Wyoming and pled not guilty to both charges. The government then filed a motion to revoke defendant's bail pursuant to 18 U.S.C. §§ 3145(a)(1), 3142(f). The district court, holding that defendant was a flight risk, granted the motion and ordered defendant detained.
 
 
 4
 Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.
 
 
 5
 United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir.1991).
 
 
 6
 Our "review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." Id.
 
 
 7
 The district court, citing the indictment and the fact that a search of defendant's residence at the time of his arrest yielded twenty-six pounds of marijuana, firearms, and $55,000 in cash, found probable cause to believe that defendant had committed the charged offenses which carry a maximum prison term of ten years or more. District Court Order at 3. Defendant does not contest this determination. The § 3142 presumption was properly invoked.
 
 
 8
 Defendant presented evidence that he had met all bail conditions in California, posted the monetary bond required, appeared at every required court appearance, cooperated fully with pretrial service offices in both states, retained counsel immediately, and sought no delay or special treatment. Defendant has no record of past criminal conduct involving marijuana.
 
 
 9
 The district court determined the government met its burden of persuasion by the following: (1) defendant is not a United States citizen; (2) defendant is in possession of an apparently fraudulent green card which does not represent his correct status because, while the card contains defendant's picture, the number was issued to a person coming to this country from China; and (3) defendant's application for amnesty was denied and is now on appeal. If affirmed, defendant will be subject to immediate deportation as an illegal alien. The court also found defendant has the apparent financial means or, at least, access to finances through loans to enable him to flee.
 
 
 10
 At the hearing on the government's motion, the district court also noted that while defendant had a substantial cut in reported income according to his tax returns, he had paid off substantial indebtedness. Further, defendant had obtained loans from other persons totalling about $16,000.00. The court stated that defendant
 
 
 11
 is here by virtue of illegal entry. He is not a citizen of the United States. He is confronting a prison sentence with the possibility ... after serving any prison sentence, ... of having to be deported to Mexico, ... and it seems to me that that situation creates an incentive or motive on his part to depart.
 
 
 12
 Appellant's Br., ex. C. at 22-23.
 
 
 13
 We agree that the government met its burden of persuasion. The order of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3