48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Edward NULL, also known as Edward Wayne Noll, also
known as Wayne Eddie Noel, Defendant-Appellant.
 No. 95-6003.
(D.C. No. CR-92-220-A)
 United States Court of Appeals, Tenth Circuit.
 March 1, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, TACHA, and HENRY, Circuit Judges.
 
 
 1
 Wayne Edward Null appeals from a district court order denying him bail pending appeal of his criminal conviction on two counts. Our review of the district court's ruling is plenary as to questions of law, giving due deference to the district court's factual findings. See United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991).
 
 
 2
 Null raises a single issue on appeal. He contends that the district court erred in enhancing his sentence based on loss arising from the foreclosure on his home. The district court found that Null had misrepresented his ability to pay his mortgage, based on assets hidden through the use of false names and Social Security numbers, the conduct on which his criminal conviction was based.
 
 
 3
 Our review of the briefs on appeal, together with the documentation submitted in support thereof, leads us to the conclusion that Null has not raised a substantial question for appeal. See United States v. Affleck, 765 F.2d 944, 952 (10th Cir.1985). Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470