77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kerry Neil ENJADY, Defendant-Appellant.
 No. 95-2240.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before BRORBY, EBEL, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 PER CURIAM
 
 1
 Defendant appeals the district court's order of pretrial detention entered pursuant to 18 U.S.C. 3142(e). Defendant has been charged with aggravated sexual abuse committed on the Mescalero Apache Indian Reservation in violation of 18 U.S.C. 1153 and 2241(a). The district court found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if defendant were released pending trial.
 
 
 2
 In relevant part, 3142(e) provides for pretrial detention if, after a hearing, a court finds that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community." The statute sets forth the factors to be considered in making that determination. 3142(g). The government bears the burden of showing by clear and convincing evidence that a defendant is a danger to the community. 3142(f).
 
 
 3
 We review the district court's order of pretrial detention independently, with due deference to the district court's factual findings. See United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991). We have reviewed the record before us, and we find no error in the district court's findings that defendant poses a danger to the community and that he should be detained pending trial. We reject defendant's arguments that the court's consideration and rejection of electronic monitoring as a condition of release violated his due process rights.
 
 
 4
 We AFFIRM the district court's order of detention. Defendant's request for oral argument is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3