UNITED STATES COURT OF APPEALS
**Filed 5/29/96**
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellant, | |
| v. | No. 96-5090 |
| | (D.C. No. 96-CR-12-H) |
| JOHN HUDSON WHITAKER, | (N.D. Okla.) |
| Defendant-Appellee. | |

ORDER AND JUDGMENT[*]

Before PORFILIO, KELLY, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant is charged by indictment with two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841 (a)(1). The government moved for detention without bond. A hearing was held before a magistrate judge, who issued an order of detention without bond pending trial. Defendant filed a motion to review the detention order, and the district court reversed the detention order and ordered that defendant be released pending trial. The government appeals the district court's order releasing defendant pending trial.

It is our task to afford plenary review to the district court's release order with respect to mixed questions of law and fact and to review purely factual findings independently with due deference. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). We cannot review, however, that which does not exist. As a result, we must remand this case to the district court.

Defendant agrees with the government's contention that the indictment itself establishes the probable cause necessary to trigger the rebuttable presumption of 18 U.S.C. § 3142(e). See Stricklin, 932 F.2d at 1355. It does not appear, however, that the district court applied the § 3142(e) rebuttable presumption. Neither does the district court's oral ruling set forth any findings as to why it declined to apply the presumption. Further, if it was, in fact, the intention of the district court that the presumption does not apply, the oral ruling contains no findings justifying the order of release. Similarly, if it was the intention of the district court that the presumption applied, but that defendant presented sufficient evidence

2

to rebut the presumption, the district court gave no hint as to the factual findings supporting that result.

Consequently, we remand this case to the district court for further findings as to (1) why the § 3142(e) presumption was not applied; and (2) justification of the release order if the presumption does not apply. Further, should the district court determine that the presumption does apply but that it was rebutted by sufficient evidence, we must have the benefit of factual findings upon which that decision is based.

The case is REMANDED to the district court for further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT
PER CURIAM

3