**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES IVEY,

Defendant-Appellant.

No.97-1035
(D.C. Nos. 96-CR-446-1
and 96-CR-448-2)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Ivey appeals from a district court order denying his motion for revocation or modification of a detention order entered by the United States District Court for the Southern District of Indiana. Our review of the district court's ruling is plenary as to questions of law, giving due deference to the district court's factual findings. See United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). Our jurisdiction arises from 28 U.S.C. § 1291; see 18 U.S.C. § 3145(c).

Defendant stands charged in the District of Colorado on two separate indictments involving drug trafficking, conspiracy, and use of weapons charges. He was arrested in Indiana and brought before a magistrate judge in that district for an identity and detention hearing. After a hearing, the magistrate judge ordered defendant detained, concluding that 1) pursuant to 18 U.S.C. § 3142(e), a presumption arose that no condition or combination of conditions of release would reasonably assure defendant's appearance and the community's safety, 2) defendant had offered no evidence to rebut the presumption, and 3) even had defendant rebutted the presumption, the evidence and information available would still require his detention, under the factors listed in § 3142(g). Specifically, the Indiana district court found that defendant posed a serious risk of flight and was a danger to the community.

Defendant was returned to Colorado, and moved to reopen the detention ruling, seeking revocation or modification of the Indiana order. After a hearing, the district court denied the motion from the bench, also concluding that the § 3142(e) presumption applied, that defendant had not successfully rebutted the presumption, and finding that defendant was both a flight risk and a danger to the community. The government orally moved for modification of the order, contending that the § 3142(e) presumption did not apply. The court agreed, but stated that its alternate findings and conclusions supported its ruling, and ordered defendant detained. This appeal followed.

On appeal, defendant claims that the government waived invocation of the § 3142(e) presumption, argues that, even if the presumption applies, undisputed evidence at the hearing rebutted the presumption, and contends that the district court erred by failing to properly consider less restrictive alternatives. In response, the government contends that the presumption does apply, defendant failed to rebut the presumption, and the record shows that lesser restraints would be inappropriate. We need not decide whether the government waived or abandoned invocation of the § 3142(e) presumption, see Stricklin, 932 F.2d at 1355, or consider the parties' arguments about the presumption because we conclude that, under the alternative analysis, the district court correctly and properly concluded that defendant should be detained.

The district court specifically found that defendant was a flight risk and a danger to the community, based upon his lack of ties to Colorado, probable cause to believe defendant committed the crimes charged, and the nature of the charges against him, specifically the use of weapons in connection with drug transactions. The district court also noted that the Indiana magistrate judge's opinion was very persuasive. The record shows that the district court considered all of the evidence presented, including defendant's offer to reside at a halfway house. Giving due deference to these factual findings, and after a thorough review of the evidence, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM