**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONNI JONES,

Defendant-Appellant.

No. 97-3277
(D.C. No. 97-CR-40058-01-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT*

---

Before PORFILIO, TACHA, and LUCERO, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ronni Jones appeals from the district court's order detaining him before trial, pursuant to 18 U.S.C. § 3142. "Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991).

Under § 3142, a district court must order the pretrial release of a criminal defendant unless the court determines that such release will not assure the defendant's appearance or will endanger another person or the community. 18 U.S.C. § 3142(b). The parties agree that, due to the maximum penalties possible for the crimes with which Jones is charged, a presumption arises pursuant to 18 U.S.C. § 3142(e) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Without discussing the risk of flight factor, the district court concluded that defendant had not rebutted the § 3142(e) presumption, and that the government had demonstrated by clear and convincing evidence that Jones is a danger to the community. See Stricklin, 932 F.2d at 1354-55 (discussing the parties' burdens under § 3142(e)).

On appeal, Jones contends that 1) he presented evidence which rebutted the statutory presumption, 2) the government failed to prove that no conditions of release will insure the community's safety before trial, and 3) the district court

-2-

did not consider all of the factors listed in § 3142(g) and did not make findings about possible conditions of release. After careful consideration of the parties' briefs, defendant's appendix,[1] and the applicable law, we conclude that the district court correctly determined that defendant should be detained. The evidence defendant proffered at his detention hearing did not counter the presumption of dangerousness. Based on the language of the presumption, the government was not required to prove that no conditions of release would ensure the community's safety, and the district court was not required to make findings on that point. The district court's order is thorough and correctly concludes both that Jones did not rebut the presumption and that Jones is a danger to the community. Accordingly, the judgment of the United States District Court for the District of Kansas is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM

---

[1]    The government's motion to supplement the record on appeal with documentation of Jones' criminal history is denied.