**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR MANUEL
GOMEZ-FERNANDEZ,

    Defendant-Appellant.

No. 99-8090
(D.C. No. 99-CR-31-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Victor Manuel Gomez-Fernandez appeals the district court's denial of release on bond pending trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and we affirm.

On March 19, 1999, defendant was charged with numerous counts of drug violations, most carrying possible prison terms in excess of ten years. The magistrate judge ordered defendant detained. At defendant's request, the district court reviewed the magistrate judge's detention order at a hearing on April 15, 1999. At the close of the hearing, the court requested that counsel brief the issue of whether defendant was a flight risk. After consideration of the arguments, the district court ordered defendant's continued detention, determining that no conditions of release could reasonably assure either defendant's appearance at future proceedings or the safety of the community. Specifically, the district court determined that defendant's extensive ties to Mexico posed a genuine risk that he would flee to that country. In addition, the court reasoned that a taped recording of a conversation between defendant and another person during a drug deal in which defendant threatened violence against a passing police officer if he discovered the drug deal, created a genuine concern for the safety of the community if defendant was released.

Pursuant to 18 U.S.C. § 3142(e), "upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term

of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community." *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991). Although "[o]nce the presumption is invoked, the burden of production shifts to the defendant . . . . the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id.* at 1354-55. Our review of the district court's detention order "is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." *Id.* at 1355.

In determining whether any condition or combination of conditions would reasonably assure defendant's appearance and the safety of the community, the court must consider the factors contained in § 3142(g), including (1) the nature of the offense and whether the offense involved violence or narcotic drugs; (2) the weight of the government's evidence; (3) the history and characteristics of the defendant; and (4) whether the defendant posed a serious danger to any person or the community.

Here, the district court analyzed the § 3142(g) factors and correctly determined that the government had carried the burden of persuasion on the issue of risk of flight. First, the court noted that the case against defendant involved a large drug distribution conspiracy, and that the government's evidence

supported its contention that defendant played a major role in the alleged conspiracy. The court then found that defendant had provided only limited information regarding his history and characteristics and had not demonstrated how this information supported defendant's request for release. Finally, the court concluded that defendant's threat of harm to a police officer established his danger to the community.

On appeal, defendant argues that the district court inappropriately considered his national origin in making its bond determination. Defendant has been a naturalized citizen of this country since 1997 and is married to a United States citizen. However, the government produced evidence that defendant and his wife have strong and on-going ties to Mexico, and in fact, frequently travel to that country. The government also alleged that relatives and co-conspirators of defendant have fled to Mexico, and that defendant was planning a trip to Mexico to attend the wedding of one of these relatives and co-conspirators. The district court therefore, adopted the position of the government in finding that defendant was a flight risk.

Based on our review of the parties' briefs on appeal and appendices, we conclude that the district court's factual findings underlying its detention order are not clearly erroneous. The district court did not err in finding that defendant posed a serious risk of fleeing and that no condition or combination of conditions

-4-

would reasonably assure his appearance if he were released. Moreover, the court's determination that defendant posed a community threat if released was adequately supported and not persuasively challenged by defendant.

Accordingly, the judgment of the United States District Court for the District of Wyoming is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM