PER CURIAM.
 

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not mate
 
 *1350
 
 rially assist the determination of this appeal.
 
 See
 
 Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 

 This is an appeal by the United States from an order of pretrial release. Previously, on the emergency application of the government, the district court’s order was temporarily stayed by this court.
 

 For the reasons stated below, the order of pretrial release is REVERSED, and the matter is REMANDED for further proceedings.
 

 Briefly, here is the background. Defendant stands charged by indictment in the United States District Court for the District of Colorado (case No. 91-CR-44) with conspiracy to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant also stands charged by indictment in the United States District Court for the Western District of Texas (case No. EP-91-CR-834) with conspiracy and possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.
 

 After defendant’s arrest, indictment, and detention hearing on the Texas charges, the Texas court authorized pretrial release upon the posting of bond secured by cash and properties. It is unclear whether defendant was released on those charges. Subsequently, the Colorado indictment was unsealed, and defendant was arrested in Texas and removed to Colorado. The government immediately sought an order of pretrial detention pursuant to 18 U.S.C. § 3142(e) and expressly invoked the presumption of detention. In that motion, it was specifically alleged that defendant was: 1) charged with a federal drug offense which carried a maximum term of imprisonment of ten years or more; 2) a risk-of-flight because he a) had suffered prior drug convictions and was subject to a 360-month mandatory minimum sentence and b) was associated with fugitives and had a capacity for flight; and 3) a danger to the community because of his a) persistent violation of drug laws and b) association with fugitives and solicitation of violence.
 

 On March 26, 1991, the district court conducted a hearing that proceeded on offers of proof and without live testimony. The government, by exhibit, introduced very substantial evidence of defendant’s lengthy criminal history, investigative reports of law enforcement officers, and the transcript of testimony of a witness before the grand jury that returned the underlying indictment. Defendant offered no documentary evidence.
 

 It was uncontroverted that defendant suffered three felony convictions (two federal and one state) for serious drug offenses and one felony conviction for perjury (in a federal drug-related case). Further, the government demonstrated that defendant had a long history of major involvement in drug trafficking and related criminal activities. Finally, it was shown that defendant had associations with fugitives, the apparent capacity to flee the United States, and may have been actively preparing for flight.
 

 At the conclusion of the March 26 hearing, the district court declined to order detention and, instead, permitted release on $400,000 bond ($300,000 secured by property and $100,000 secured by cash bond) with other conditions (electronic monitoring, drug testing, and the like). Following a second hearing, on April 4, 1991, to determine the sources of the property offered to secure the bond, the district court entered the order of release from which this appeal was taken. In all material respects, the order appealed from incorporated the district court’s March 26 ruling.
 

 Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant’s appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with
 
 *1351
 
 the government. The defendant’s burden of production is not heavy, but some evidence must be produced. Even if a defendant’s burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.
 
 See generally United States v.
 
 Cook, 880 F.2d 1158, 1162 (10th Cir.1989).
 

 Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court’s purely factual findings.
 
 United States v. Montalvo-Murillo,
 
 876 F.2d 826, 830 (10th Cir.1989),
 
 rev’d on other grounds,
 
 — U.S. -, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990). Here, the grand jury indictment of defendant was sufficient to establish a finding of probable cause that he had committed a federal drug offense carrying a maximum prison term of ten years or more. We conclude that the presumption of section 3142(e) was properly invoked by the government.
 

 The defendant claims that his offer of proof showing strong family ties, prompt reporting for service of earlier prison sentences, and certain conditions of release would assure his appearance and the safety of the community. However, the district court made no specific findings regarding the sufficiency of defendant’s showings.
 

 There is no indication that the government abandoned or waived the invocation of the section 3142(e) detention presumption. Significantly, there was no finding that defendant was successful in rebutting it. Rather, there was a strong evidentiary showing by the government that because of defendant’s prior and ongoing criminal activity which involved large amounts of drugs, capacity for flight, and involvement with other drug traffickers and solicitation of violence, no conditions of release would assure defendant’s appearance and the safety of the community. The government clearly invoked the presumption of detention and met its burden of persuasion. We conclude that the district court should have given effect to the presumption of detention.
 

 The order of the United States District Court for the District of Colorado is REVERSED, and the matter is REMANDED with instructions to enter an order of detention in conformity with 18 U.S.C. § 3142(i)(2), (3) and (4).
 

 The mandate shall issue forthwith.