977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Damon Siddhartha FORBES, Defendant-Appellant.
 No. 92-1255.
 United States Court of Appeals, Tenth Circuit.
 Oct. 2, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from the district court's denial of pretrial release. He is currently awaiting trial on charges relating to the distribution of alpha-ethyltryptamine (AET), an alleged analogue of the schedule I controlled substances, diethyltryptamine and dimethyltryptamine, see 21 U.S.C. §§ 802(32)(A), 812(5), (6). The defense has challenged the illegal status of AET, the constitutionality of the Controlled Substance Analogue Enforcement Act (Act), 21 U.S.C. §§ 802(32), 813, and, consequently, the sufficiency of the indictment premised thereon, in a motion set to be heard in November.
 
 
 3
 Initially, the magistrate judge ordered defendant released, subject to certain conditions. After the government moved for revocation of the release order, the district court held a second hearing and ordered defendant detained, finding that he presented both a danger to the community and a flight risk, 18 U.S.C. § 3142(e). Defendant filed a motion for reconsideration, which did not challenge the findings regarding danger and flight per se, but argued that AET's analogue status and the Act's constitutionality, both essential to the government's case, are so questionable that detention is unwarranted in light of § 3142(g)(2) (weight of the evidence against the accused as factor in detention determination). Following a third hearing, this motion was denied and defendant appealed. Our review is "plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir.1991).
 
 
 4
 Defendant's indictment demonstrates probable cause for the charged drug offenses, thus raising the presumption that danger to the community and risk of flight require detention under § 3142(e). Stricklin, 932 F.2d at 1354. These presumed findings are lent additional support by evidence of such matters as defendant's recent conviction on state (Colorado) drug charges, violation of probation thereon, interstate flight from justice, eventual arrest while in possession of a firearm, and attempted escape during transport back to Colorado for probation revocation proceedings. See § 3142(g)(3)(A); see, e.g., United States v. Hare, 873 F.2d 796, 798 (5th Cir.1989); United States v. Coonan, 826 F.2d 1180, 1186 (2d Cir.1987). Furthermore, the time span of the charged criminal activity included a period during which defendant already was on probation for the state drug offense. See § 3142(g)(3)(B).
 
 
 5
 With these substantial considerations strongly counseling against release, we agree with the district court's determination that defendant should remain under detention notwithstanding the pending dispute regarding the legal status of AET, the constitutionality of the Act, and the consequent uncertainty surrounding the indictment. We express no opinion on the ultimate disposition of defendant's challenge to the indictment, which is beyond the limited scope of this appeal. We hold only that a resolution of the matter in defendant's favor is not so certain that the § 3142(e) presumption could justifiably be considered rebutted under the circumstances.
 
 
 6
 The order of the United States District Court for the District of Colorado denying pretrial release is AFFIRMED. Defendant's request for oral argument is denied.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3