986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harry GREENSPAN, aka Alfred A. Lugo, aka Alfred Anthony
Lugo, aka Alex Lugo, aka Alex Stone, Defendant-Appellant.
 No. 93-2004.
 United States Court of Appeals, Tenth Circuit.
 Jan. 21, 1993.
 
 Before STEPHEN H. ANDERSON, EBEL and PAUL J. KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter comes before the court on defendant's appeal from the district court's order of detention pending trial. After conducting a de novo hearing, the district court found that defendant had not rebutted the presumption created by 18 U.S.C. § 3142(e) that no combination of conditions would reasonably assure the appearance of defendant and the safety of the community.
 
 
 3
 Defendant argues on appeal that the presumption arising under 18 U.S.C. § 3142(e) should not be invoked because a precondition to application of the presumption is that the maximum sentence for the charged offense be at least ten years, and defendant argues that the evidence will show that the weight of the controlled substance in his possession was less than the amount which would subject him to a ten-year maximum sentence. Defendant is, in essence, challenging the adequacy of the evidence supporting the indictment. We are not required, however, to determine the adequacy or competency of the evidence upon which the indictment is based before trial. Costello v. United States, 350 U.S. 359, 363 (1956). If an indictment is returned by a legally constituted and unbiased grand jury and is valid on its face, that is enough to call for trial of the charge on the merits. Id.; see also United States v. Addington, 471 F.2d 560, 568 (10th Cir.1973). The application of the § 3142(e) rebuttable presumption is appropriate in this case.
 
 
 4
 Our review of a detention order is plenary with regard to mixed questions of law and fact, and we review purely factual findings independently, with due deference to the district court. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991). We have reviewed the record, and we agree with the district court that defendant did not present evidence sufficient to rebut the presumption that there is no set of conditions which would reasonably assure his appearance and the safety of the community.
 
 
 5
 The order of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3