986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hector AMADOR, Defendant-Appellant.
 No. 92-2263.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1993.
 
 Before SEYMOUR, JOHN P. MOORE and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter comes before the court on defendant's appeal of the district court's order of detention pending trial. Defendant was charged by indictment with conspiracy to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i). The magistrate judge conducted a hearing and entered an order of detention, finding that defendant posed a flight risk and a danger to the community. Defendant appealed that order to the district court. The district court conducted a de novo hearing and ordered that defendant be detained, finding that defendant had not overcome the rebuttable presumption that no set of conditions could reasonably assure defendant's appearance and the safety of the community.
 
 
 3
 Under [18 U.S.C. s] 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.
 
 
 4
 United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir.1991). The grand jury indictment sufficiently establishes probable cause. See id. at 1355.
 
 
 5
 We have reviewed the detention order de novo, giving due deference to the district court's factual findings, see id., and we hold that the district court was correct in its finding that defendant failed to present evidence sufficient to rebut the presumption against release. We, therefore, affirm the district court's order of detention pending trial.
 
 
 6
 Defendant's motion to file his brief out of time is GRANTED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3