992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Luciano G. RUSCETTI, Defendant-Appellee.
 No. 93-1098.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1993.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was charged by indictment with knowingly and intentionally possessing and attempting to distribute and conspiring to distribute in excess of 500 grams of cocaine and using a communication facility to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), 843(b), 846 and 18 U.S.C. § 2. The district court ordered release of defendant from pretrial detention subject to various conditions. The government appeals from this order.
 
 
 3
 After appealing, the government filed an emergency motion in this court requesting a stay of release pending appeal. This court entered an order staying release.
 
 
 4
 On appeal, the government argues that defendant should be detained because he presents a flight risk and a danger to the community. Specifically, the government argues that the district court did not sufficiently consider the factors listed in 18 U.S.C. § 3142(g) in making its pretrial release decision and that the district court erroneously determined that there are a combination of conditions which will assure defendant's appearance and the safety of the community.
 
 
 5
 Under [18 U.S.C. s] 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.
 
 
 6
 United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir.1991). The grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more. See id.
 
 
 7
 After reviewing the district court's detention determination de novo, giving due deference to the district court's fact findings, see id. at 1355, we disagree with the district court's conclusion that defendant successfully rebutted the presumption of detention. The district court erred in determining that there are a combination of conditions which will assure defendant's appearance. Accordingly, because trial is imminent, defendant must be detained in order to assure his appearance.
 
 
 8
 The release order of the United States District Court for the District of Colorado is REVERSED. This court's order of March 26, 1993, granting the emergency stay pending appeal is VACATED. The parties' motions for extensions of time are GRANTED. Defendant's motion to vacate the emergency stay pending appeal is DENIED as moot.
 
 
 9
 EBEL, Circuit Judge, dissenting.
 
 
 10
 I dissent.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3