7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin SILVA, Defendant-Appellant.
 No. 93-2240.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1993.
 
 Before LOGAN, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from an order of pretrial detention. Defendant was charged by indictment with possession with intent to distribute approximately 24.5 pounds of cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A). After determining that defendant was a danger to the community, the district court denied bail pending trial. The district court also denied reconsideration of its order denying bail. It found that (1) defendant's work and residence history are unstable; (2) he faces a possible severe penalty; (3) the amount of cocaine involved is substantial and is indicative of more than a casual smuggling case; (4) he has a prior conviction; (5) pretrial services recommended that he be detained pending trial; and (6) he poses a danger to the community and would be a flight risk if released.
 
 
 3
 On appeal, defendant argues that (1) he rebutted the presumption under 18 U.S.C. 3142(e) that no condition or combination of conditions would reasonably assure his appearance or the safety of the community; (2) the government failed to meet its burden of proving that he is a flight risk or a danger to the community and must be detained; and (3) the district court's factual findings are not supported by the evidence.
 
 
 4
 Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.
 
 
 5
 United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir.1991). The grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more. See id. at 1355.
 
 
 6
 After reviewing the district court's detention determination de novo, giving due deference to the district court's fact findings, see id., we conclude defendant did not successfully rebut the presumption of detention. Accordingly the district court correctly ordered that defendant be detained.
 
 
 7
 The detention order of the United States District Court for the District of New Mexico is AFFIRMED. Defendant's request for oral argument is DENIED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3