54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Paul WILBON, Defendant-Appellant.
 No. 95-2037.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1995.
 
 Before MOORE, ANDERSON, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 John Paul Wilbon appeals from a district court order denying his motion for pretrial release pending government appeal. Our review of the district court's ruling is plenary as to questions of law, giving due deference to the district court's factual findings. See United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991). Our jurisdiction arises from 28 U.S.C. 1291. See 18 U.S.C. 3145(c).
 
 
 2
 On appeal, Mr. Wilbon proffers the general principle that doubts about pretrial release should be resolved in the defendant's favor. However, the government correctly contends that a presumption against pretrial release applies in this case, pursuant to 18 U.S.C. 3142(e). That provision states, in part:
 
 
 3
 Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act....
 
 
 4
 18 U.S.C. 3142(e).
 
 
 5
 A grand jury indicted Mr. Wilbon on one count of possession with intent to distribute more than fifty grams of cocaine base, in violation of provisions of the Controlled Substances Act. That charge carries a minimum sentence of ten years' imprisonment. The indictment satisfies the requirement in 3142(e) of a finding of probable cause, see Stricklin, 932 F.2d at 1355, thereby invoking the presumption. Id. The presumption shifts the burden of production to the defendant. The burden of persuasion, however, remains with the government. Id. at 1354-55.
 
 
 6
 The district court, while noting the weakness of the evidence against Mr. Wilbon, found that he is a flight risk. In support of that finding, the court cited: 1) a history of escape and evading detention, 2) past failures to appear for court proceedings, and 3) a lack of family or work ties to the community. The court specifically stated that no less restrictive alternatives could reasonably assure his future appearance in court and concluded that Mr. Wilbon had not rebutted the 3142(e) presumption.
 
 
 7
 Mr. Wilbon reiterates that the weight of evidence against him is weak. He further contends that, despite his lack of ties to the community, his offer to reside at a halfway house rebuts any presumption that he is a flight risk. In support of this proposition Mr. Wilbon cites United States v. Lopez, 827 F.Supp. 1107 (D.N.J.1993). However, Lopez is inapposite here. In that case, the defendant had close and extensive family ties to the community, offered residential property and a bond to secure his release, and had submitted a strict in-home detention plan. Id. at 1109-10. No evidence was presented that the defendant had a history that might indicate he would fail to appear in court.
 
 
 8
 Mr. Wilbon's offer to reside at a halfway house does not rebut the presumption that no condition or combination of conditions will reasonably assure his appearance in court. The weakness of the evidence against Mr. Wilbon was taken into consideration by the district court and properly balanced against his history of escape, evading detention, and failing to appear in court. Those factors support the court's finding that Mr. Wilbon is a flight risk and the court's ultimate ruling that he failed to rebut the 3142(e) presumption that he should be detained.
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470