70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
E. Lavay MCKINLEY, Defendant-Appellant.
 Nos. 95-8064, 95-8065.
 United States Court of Appeals, Tenth Circuit.
 Nov. 20, 1995.
 
 Before BALDOCK, KELLY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 PER CURIAM
 
 1
 This matter is before the court on defendant's appeals from the district court's orders of detention, denying motion for injunctive relief, ruling on motion for order resolving detention issues and motion to grant bail bond, and defendant's motion to supplement the record. Defendant was convicted on charges of conspiracy to commit mail and wire fraud and money laundering. This court vacated the convictions and ordered a new trial. These appeals stem from defendant's detention pending a new trial.
 
 
 2
 Pretrial detention is governed by 18 U.S.C. 3142(e),(f), and (g). "Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991). We find no error in the district court's determination that defendant presents a serious flight risk and, therefore, we affirm the order of detention. We also affirm the district court order denying injunctive relief, as well as the order ruling on motion for order resolving detention issues and motion to grant bail bond. The motion to supplement the record is granted.
 
 
 3
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470