**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DOUGLAS O. RUEDLINGER,

Defendant-Appellant.

No. 97-3357
(D.C. No. 97-CR-40012-01-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Douglas O. Ruedlinger appeals from an order of the district court granting the government's motion to revoke defendant's release on bail pending trial. We affirm.

In No. 97-40012, defendant was charged in a twenty-four-count indictment with conspiracy, interstate transportation of money obtained by fraud, money laundering, mail fraud, bankruptcy fraud, extortion and perjury. Trial in that case is scheduled to begin approximately one week after the completion of his co-defendant's trial, which is scheduled to begin January 20, 1988. In April 1997, defendant was found guilty of ten counts of mail fraud, two counts of wire fraud, and one count of money laundering. (No. 96-40045.) He is to be sentenced on that conviction January 16, 1998.

Defendant was released on bail in No. 96-40045, subject to various conditions. The district court incorporated those conditions into the bail order in No. 97-40012. Defendant was found to have violated those release conditions in No. 96-40045. However, the court continued bail with the imposition of several additional conditions including one that he should "not transfer directly or indirectly personal or business funds, real or personal property, with a value in excess of $500, except with the express written consent of the court." Appellee's Supp. App. A, p. 3.

Subsequently, defendant received a refund on a car rental for approximately $900.00. He received verbal permission from his pretrial services officer to deposit that check. He also received an income tax refund of $1,311.53 which he also received verbal permission to deposit. Thereafter, defendant received a tax refund of $113,429.57. This check he divided into eleven cashiers checks and disbursed. After disbursement, he provided an accounting to his pretrial services officer. Defendant also executed an agreement to sell some of his property for $250,000.00. He did not notify anyone of that transaction. The government then filed a petition to revoke defendant's pretrial release pursuant to 18 U.S.C. § 3148(b).

The district court, held that the evidence was clear and convincing that defendant had intentionally violated the terms of his release and that it was unlikely he would abide by any conditions or combination of conditions of release. The court ordered defendant detained pending trial. Defendant appeals.

"Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991).

Defendant admits he did not have the express written consent of the court to disperse the funds. See Defendant's Br. at 8. However, he contends he

attempted to obtain that request and that he was acting in accordance with his previous acts which had not been found violative of his bail conditions. He asserts that he never received written permission to deposit the first two checks, and, apparently, concludes that he was therefore released from the written consent provision. Defendant is wrong. The distinction between receiving oral permission to deposit checks and receiving no permission to disburse money is obvious. The evidence is clear and convincing that defendant violated the conditions of his release.

The district court also correctly found that it was unlikely defendant would abide by any additional conditions imposed. He had already violated his bail conditions once. The current hearing related to his violation of the conditions imposed as a consequence of his first violation. Defendant's prior behavior provided ample evidence for the district court to conclude that he would not comply with any conditions imposed.

We find no error in the district court's determination that defendant violated the conditions of his release and that it was unlikely he would abide by any conditions or combination of conditions of release. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

ENTERED FOR THE COURT

PER CURIAM

-4-