**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

RICARDO AGUIRRE-TELLO,

      Defendant-Appellee.

No. 01-2128
(D.C. No. CR-01-284-MV)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The government appeals from the district court's order releasing defendant from custody pending trial on an unsecured $10,000 bond and subject to certain

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conditions. Defendant has not responded to the government's appeal brief. This court's jurisdiction arises from 18 U.S.C. § 3145 and 28 U.S.C. § 1291. Our review of the district court's release order "is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

On appeal, the government argues that the district court failed to properly find defendant a flight risk in light of 1) substantial evidence of defendant's guilt on charges of illegal reentry following commission of an aggravated felony and subsequent deportation, 2) the likelihood that the INS will again remove him from the country, 3) the fact that his ties to family and community were a result of his illegal reentry into this country, and 4) the severity of the penalty defendant faces for illegal reentry. The government contends that defendant has no incentive to appear at trial and that no condition or combination of conditions will reasonably assure his appearance.

Our review of the district court's ruling at a hearing on March 28, 2001, demonstrates that the court considered all of the factors relevant to pretrial release decisions listed in 18 U.S.C. § 3142(g), received evidence as to those factors listed in § 3142(g)(3)(A), and appropriately weighed them against the remaining factors in favor of defendant's release, subject to various conditions

and an unsecured bond of $10,000. The government's arguments do not acknowledge the relevance of the factors listed in § 1342 (g)(3)(A) or dispute the facts supporting the district court's ruling. On plenary review, we find no fault with the district court's ruling and AFFIRM. The government's motion to supplement the record on appeal is GRANTED.

ENTERED FOR THE COURT
PER CURIAM