**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS GRANT DOWELL,

Defendant - Appellant.

No.  02-1222
(D.C. No. 01-CR-395-D)
(D. Colorado)

**ORDER AND JUDGMENT**   *

Before **EBEL** Circuit Judge,   **BRORBY** , Senior Circuit Judge, and     **KELLY** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Thomas Grant Dowell appeals the district court's denial of release pending trial. We have jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291, and we affirm.

I.

Defendant is currently awaiting trial in the District of Colorado on charges that he destroyed government property by means of a fire and forcibly interfered with government employees and administration. Defendant was arrested on these charges in November 2001 in the Northern District of Texas and a magistrate judge ordered him detained unless he posted a $100,000.00 cash or surety bail bond. Defendant was then transferred to the District of Colorado, where a magistrate judge ordered that the bond conditions remain in effect. Defendant filed a motion to review and/or modify the conditions of release, but a magistrate judge denied the motion at a hearing on April 4, 2002.

On April 8, 2002, defendant filed a motion for revocation or amendment of the magistrate judge's order regarding conditions of release. The government opposed the motion, and it also moved to have the district court detain defendant before trial under § 3142(e). A hearing on these motions was held before the district judge on April 23, 2002. On April 26, 2002, the district judge entered an order denying defendant's motion for revocation or amendment and granting the government's motion for pretrial detention under § 3142(e).

On May 10, 2002, defendant filed a pro se notice of appeal, seeking review of the district court's order. On June 5, 2002, defendant's counsel filed a memorandum regarding the issues on appeal in which he stated that the pro se notice of appeal was filed without his knowledge or consent and that he "does not believe this appeal to be meritorious." [1] Mem. Regarding Issues on Appeal at 2 n.1. On June 18, 2002, the government informed this court that it was not going to file a response to defense counsel's memorandum since counsel admitted that this appeal lacks merit.

On June 24, 2002, this court sent defendant a notice informing him that his counsel had filed a brief stating a belief that this appeal is without merit. The court further informed defendant that he had thirty days to raise any points to show why the order entered by the district court on April 26, 2002 should not be affirmed. Defendant did not file anything in response to this court's notice, and the thirty-day period expired on July 24, 2002.

II.

We hold that the district court acted properly in granting the government's detention motion under 18 U.S.C. § 3142(e). Accordingly, we need not address

---

[1] Both the district court and this court have permitted defendant's counsel to withdraw as counsel of record, and defendant is currently represented both on appeal and in the district court by new counsel.

whether the district court erred in denying defendant's motion for revocation or amendment of the magistrate judge's order regarding conditions of release.

The fundamental reason for detaining a defendant pending trial is that, after a hearing, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Factors to be considered in this determination include the nature and circumstances of the offense, including whether it is a crime of violence or a drug offense; the weight of the evidence against the defendant; defendant's history, character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, record concerning court appearances, and whether at the time of arrest defendant was on probation or parole; and the nature and seriousness of the danger defendant poses to any person or the community. *See* 18 U.S.C. § 3142(g).

A detention order must include "written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1). Rule 9(a)(1) of the Federal Rules of Appellate Procedure further requires that the district court "state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case." This court's "review of detention or release orders is plenary as to mixed questions of law and fact and

independent, with due deference to the district court's purely factual findings."

*United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

The government moved for pretrial detention under § 3142(e) on the grounds that defendant is a danger to the community and a flight risk. In his order granting the government's motion, the district judge found that pretrial detention was necessary for the following reasons:

> The Government asserts that Defendant should be detained because of the severity of the crime with which Defendant is charged, arson to the IRS building in Colorado Springs, CO, which caused over two and a half million dollars in damage, destroyed thousands of individual taxpayer returns and posed risk of death and serious bodily injury to responding firefighters. The Government also states that it believes Defendant is a substantial risk of flight based on the long duration of the sentence, should the Defendant be convicted at the upcoming trial, the substantive evidence against Defendant, and the fact that Defendant does not have a permanent address or employment ties to the community. I find that Defendant's detention is necessary under 18 U.S.C. § 3142(e) for the reasons stated on the record at the hearing, including the nature of the offense Defendant is charged with, his lack of ties to the community, and the pro se letter Defendant filed on March 26, 2002. From what the Court was able to decipher of the pro se letter, entitled Judicial Notice of Military Flag and Challenge of Jurisdiction, Defendant indicated his lack of deference for the Court and stated his belief that the federal courts do not have jurisdiction over him or his case. Thus, I find that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any other person and the community, and I will order Defendant's pretrial detention.

R., Doc. 154 at 4.

Neither defendant nor the government have provided this court with a transcript of the hearing before the district court on April 23, 2002.  Although Rule 9(a)(1) of the Federal Rules of Appellate Procedure generally requires an appellant who questions the factual basis for a district court's detention order to file a transcript of the detention proceedings, we hold that the district court's order sufficiently sets forth the factual findings underlying the detention order and that the findings are not clearly erroneous.

The order of the district court is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM