**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ERNEST GLENN AMBORT,

      Defendant-Appellant.

No.  03-4117
(D.C. No. 2:98-CR-197-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **HARTZ**, Circuit Judges.

---

      Ernest Glenn Ambort appeals the district court's ruling ordering appellant

retained at a halfway house pending sentencing.  Appellant was convicted by a

jury of one count of conspiracy to defraud the United States, in violation of

18 U.S.C. § 371, and sixty-nine counts of aiding and assisting in the preparation

of false tax returns, in violation of 26 U.S.C. § 7206(2).  At the verdict hearing,

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appellant was given a choice by the district court between returning to the halfway house to which he had been committed pending trial and going to jail pending sentencing, which is scheduled for July 29, 2003. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *See United States v. Storey*, 2 F.3d 1037, 1040 (10th Cir. 1993). "Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

Following appellant's conviction, 18 U.S.C. § 3143(a) requires that he "be detained" pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Appellant argues that the district court impliedly found that he was not a flight risk or a danger to the community because the district court allowed him to choose the halfway house instead of detention in the county jail, and complains that the district court failed to make findings in support of the conditions imposed upon him at the halfway house.

Appellant's arguments are precluded by the doctrine of invited error. *See United States v. Burson*, 952 F.2d 1196, 1203 (10th Cir. 1991) (invited error doctrine "prevents a party who induces an erroneous ruling from being able to

-2-

have it set aside on appeal").  At the time the verdict was announced, appellant specifically sought to remain at the halfway house, and did not object to the court's granting him that request.  The district court's order denying appellant's request for release pending appeal is AFFIRMED.

ENTERED BY THE COURT
PER CURIAM
