**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL D. GREENE,

Defendant-Appellant.

No. 05-5183
(D.C. No. 04-CR-209-HDC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael D. Greene appeals the district court's ruling denying his request for release pending sentencing. Mr. Greene was convicted by a jury of violating 26 U.S.C. § 7201 (evasion of taxes) and 26 U.S.C. § 7206(1) (willfully subscribing a false tax declaration). After judgment was entered, Mr. Greene was ordered detained pending sentencing. He then filed a motion for release, which the district court denied. He now appeals from that order. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

Because Mr. Greene has been convicted, 18 U.S.C. § 3143(a) requires that he "be detained" pending sentencing "unless the judicial officer finds by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Mr. Greene argues that the district court erred by not holding a hearing on his request for release pending sentencing. There is nothing in § 3143(a) that requires that the district court hold such a hearing. Further, Mr. Greene did not indicate what evidence he would produce at an evidentiary hearing. Although he stated in his reply brief, "[i]f granted a hearing, Defendant can make a proffer concerning the other points raised by the Government," Aplt. App. at 27, he in no

way indicated what the proffer would contain. Indeed, he went on to assert that "[he] had provided clear and convincing evidence which demonstrate[d] that he [was] neither a flight risk nor danger to the community . . . . ." *Id.* That evidence was already of record, and was noted in his motion for release pending sentencing. Accordingly, there is no basis to remand to the district court to conduct a hearing on Mr. Greene's request for release.

The district court's order denying Mr. Greene's motion for release pending sentencing is AFFIRMED.

Entered for the Court

Per Curiam