FILED
United States Court of Appeals
Tenth Circuit

January 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff − Appellant,

v.

RITO VASQUEZ−GARCIA, a/k/a Rito
Vasquez, a/k/a Rito Vasquez, Sr., a/k/a
Rito G. Vasquez,

Defendant − Appellee.

No. 14-3262
(D.C. No. 5:10-CR-40014-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **KELLY**, Circuit Judges.

The United States appeals from the district court's order releasing

Rito Vasquez-Garcia from detention pending trial on charges that he participated in a

conspiracy to distribute methamphetamine and used a communication facility in aid

of that conspiracy.  The parties have informed the court that the release order, issued

on November 24, 2014, has not been executed, and that Mr. Vasquez-Garcia remains

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in pretrial custody pending this appeal.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §§ 3145 and 3731, we affirm the release order.

## *Background*

Mr. Vasquez-Garcia is a citizen of Mexico and, for many years, a legal permanent resident of the United States.  Along with several other persons, he was charged with participating in a conspiracy to distribute methamphetamine.  While the other defendants' cases were pending, he was in Mexico for some three years.  During that time, his green card expired.  He voluntarily returned to the United States in 2012.  In August 2012, after a hearing, a magistrate judge denied pretrial release, primarily based on a perception of a serious flight risk.

More than two years later, in September 2014, Mr. Vasquez-Garcia sought reconsideration of the magistrate judge's order.  Applying de novo review, the district court held another hearing and again denied pretrial release, this time based not on concern about flight, but on concern about the safety of other persons and the community due to threats made to witnesses in the other defendants' trials.  The court also was concerned about Mr. Vasquez-Garcia's lack of regular employment and financial resources.  In denying release, however, the court stated that it might reconsider if Mr. Vasquez-Garcia presented (1) assurance of some employment and (2) information to negate or rebut the information about the threats in the other trials.

Mr. Vasquez-Garcia renewed his motion, discussing the threats and submitting to the court several letters offering him employment.  The court convened another

- 2 -

hearing on November 24, 2014. At that hearing, the court reconsidered its decision and ordered him released pending trial, under conditions. The United States appeals. As stated, Mr. Vasquez-Garcia has remained in pretrial custody pending the appeal.

*Analysis*

## I.     Legal Background and Standard of Review

18 U.S.C. § 3142 addresses pretrial release. A court may order the defendant be released pending trial. *See id.* § 3142(b), (c). But if, after a hearing, the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court may order the defendant be detained pending trial. *Id.* § 3142(e)(1). The factors relevant to considering conditions of release are: "(1) the nature and circumstances of the offense charged"; (2) the weight of the evidence; (3) the person's history and characteristics; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

In this case, the charges against Mr. Vasquez-Garcia establish a rebuttable presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the safety of the community." *Id.* § 3142(e)(3)(A). It is his burden to produce evidence to rebut the presumption. *See United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). "However, the burden of

- 3 -

persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id.*

Determining whether the district court erred in ordering pretrial release "involves questions of fact and mixed questions of law and fact. We apply de novo review to mixed questions of law and fact concerning the . . . . release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on review of the entire record, is left with the definite and firm conviction that a mistake has been committed." *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (brackets and internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). "On clear error review, our role is not to re-weigh the evidence; rather, our review of the district court's finding is significantly deferential." *Gilgert*, 314 F.3d at 515-16 (internal quotation marks omitted).

## II.    Discussion

On appeal, the United States argues the district court erroneously: (1) concluded that Mr. Vasquez-Garcia did not pose a risk of flight; (2) assumed that he could obtain lawful employment in this country; and (3) concluded that he did not pose a danger to potential witnesses. Accordingly, the United States asserts, the

district court erred in holding that the conditions of release it ordered were sufficient to reasonably assure Mr. Vasquez-Garcia's appearance at trial and the safety of the community.

First, the United States asserts that the district court clearly erred in finding little flight risk. It points to various aspects of Mr. Vasquez-Garcia's history and characteristics, such as his Mexican citizenship, his ties to Mexico, and his multi-year residence in Mexico during other defendants' proceedings. But this argument merely invites us to reweigh the evidence of flight risk, which we do not do on clear-error review. *See Gilgert*, 314 F.3d at 515-16. Other evidence supports the district court's decision, particularly Mr. Vasquez-Garcia's voluntary return to the United States in 2012 knowing that he was under indictment and his ties to Kansas. Given that the district court chose between conflicting views of the evidence, we cannot conclude that the flight-risk determination was clearly erroneous.

Second, the United States asserts that the district court erred in assuming that Mr. Vasquez-Garcia could legally work in this country. It states that he cannot legally work because he does not have a green card. But the district court also had before it information that Mr. Vasquez-Garcia was eligible to renew his green card and that many of the required steps toward such renewal already had been completed. Accordingly, we do not find any error here to be of a magnitude to compel reversal.

Finally, the United States argues that the district court erred in concluding that Mr. Vasquez-Garcia did not pose a significant threat to potential witnesses. Again,

the government's argument on this point invites us to reweigh the evidence. The record, however, does not leave us with a "the definite and firm conviction that a mistake has been committed." *Id.* at 515 (internal quotation marks omitted).

## III. Conclusion

The district court's decision is affirmed.

Entered for the Court
Per Curiam