FILED
United States Court of Appeals
Tenth Circuit

September 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BARRY M. JOHNSON,

      Defendant - Appellant.

No. 16-3251
(D.C. No. 5:15-CR-40086-DDC-7)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BACHARACH**, and **McHUGH**, Circuit Judges.

Barry M. Johnson appeals the district's order denying his motion for

reconsideration of his detention order. We have jurisdiction under 28 U.S.C. § 1291

and 18 U.S.C. § 3145.

## I. Background

On October 15, 2015, Mr. Johnson was charged in a sealed indictment with

one count of conspiracy to commit sex trafficking of a minor, in violation of

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 1594(c)[1], and one count of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371. The government moved for pretrial detention, and the magistrate judge held a detention hearing on November 17, 2015.

At the conclusion of the detention hearing, the magistrate judge found that no condition or combination of conditions would reasonably assure the appearance of Mr. Johnson as required and that no condition or combination of conditions would reasonably assure the safety of any other person or the community. These findings were based on the nature and circumstances of the offense (conspiracy to commit sex trafficking of a minor) and the history and characteristics of Mr. Johnson, including: 1) he is unemployed; 2) he does not have substantial financial resources; 3) he has a history of drug abuse; 4) he has a significant prior criminal record; and 5) he has a prior record of failing to comply with probation conditions. The court also noted that a presumption of detention existed under 18 U.S.C. § 3142(e) because the offense involved a minor victim, and that Mr. Johnson had failed to rebut the presumption. The magistrate judge therefore ordered Mr. Johnson detained before trial. Mr. Johnson did not seek review of the detention order at that time.

In May 2016, Mr. Johnson filed a motion asking the court to reopen his detention hearing, reconsider the detention order, and grant him pretrial release. The

---

[1] That statutory section provides: "Whoever conspires with another to violate section 1591 [(Sex trafficking of children or by force, fraud, or coercion)] shall be fined under this title, imprisoned for any term of years or for life, or both." 18 U.S.C. § 1594(c).

magistrate judge denied the motion, finding there was no change of circumstances sufficient to permit pretrial release and there continued to be no conditions that would reasonably assure Mr. Johnson would not be a serious flight risk or a danger to the safety of any other person or the community. Mr. Johnson then filed a motion asking the district court to review and revoke the detention order and to review the magistrate judge's order denying his motion to reopen. The district court considered this motion as a motion for reconsideration of the detention order and denied it. This appeal followed.

## II. Discussion

A judicial officer must detain a defendant prior to trial if he or she "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). If there is probable cause to believe that a defendant committed an offense involving a minor victim under 18 U.S.C. § 1591, then a rebuttable presumption arises that no conditions will reasonably assure the appearance of the person as required or the safety of the community. *Id*. § 3142(e)(3)(E). The defendant's burden of production to overcome the presumption is not a heavy one, but the defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991) (per curiam). Even if the presumption is overcome, the presumption remains a factor in the district court's detention decision. *Id*. at 1355.

We review de novo mixed questions of law and fact concerning the detention decision.  *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).  We review the district court's findings of fact for clear error.  *Id.*

Mr. Johnson argues that the district court did not consider all the facts favorable to him and did not make findings as to why it concluded that no condition or combination of conditions would reasonably assure his appearance as required. We disagree.

The district court concluded that Mr. Johnson should be detained pending trial for principally the same reasons cited by the magistrate judge.  The court then addressed the statutory factors for determining whether detention is appropriate, *see* 18 U.S.C. § 3142(g), and made findings relevant to the factors.

The court found that the nature and circumstances of the offense charged here—conspiracy to violate 18 U.S.C. § 1951 with a minor victim—favored detention under § 3142(e)(3)(E) because of the statutory presumption of detention.  The court also found that Mr. Johnson's history and characteristics favored detention.  The court noted that Mr. Johnson:  1) was unemployed when he was arrested; 2) lacked substantial resources; 3) had a long history of drug abuse; 4) had an extensive criminal history; and 5) failed to report to his Kansas probation officer.

The court noted that the failure to report to the probation officer was "[o]f particular concern," Aplt. App. at 130, and rejected Mr. Johnson's "explanation of circumstances that mitigate his failures to report," *id*. at 130 n.1.  As the court stated:

"The court understands that an immobilizing health condition could interfere with a required appearance. But Mr. Johnson never explains why he could not have notified his probation officer of his condition by telephone and requested a postponement of his appearance." *Id.*

The court further noted that the record did not permit it to assess the strength of the government's case against Mr. Johnson and thus disclaimed any reliance on that factor. And, finally, the court noted some concern over Mr. Johnson's criminal history, but did not conclude that Mr. Johnson would pose a significant danger to the community if released.

Finally, the district court expressed "significant concern" that Mr. Johnson's pretrial detention would last over a year because "[t]he case's complexity recently required the court to continue the trial date until December 6, 2016." *Id.* at 130. It characterized this amount of time as "at best, regrettable" and stated that it "disfavors continued pretrial detention." *Id.* Still, it found that, on balance, pretrial detention was appropriate.

Mr. Johnson did identify two items of new information, which he asserted justified re-opening his detention order and granting him release. First, he indicated that he would now have a stable residence as his uncle had volunteered to let him stay at his house. He also indicated that his uncle and sister had contacts in the community that they would use to help him find employment. In its order, the court did note that "Mr. Johnson and his attorney have made thoughtful arguments that

- 5 -

Mr. Johnson will not flee." *Id*. at 131. But the court ultimately found that the government had carried its burden of showing by a preponderance of the evidence that no condition or combination of conditions reasonably will assure Mr. Johnson's appearance as required.

### III. Conclusion

The district court considered the record evidence in conjunction with the relevant statutory factors and made findings to support its detention decision. We see no reversible error in the district court's decision to deny Mr. Johnson's motion for reconsideration of his detention order. Accordingly, we affirm the district court's decision.

Entered for the Court
Per Curiam