FILED
United States Court of Appeals
Tenth Circuit

December 11, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

KEVIN X. FRATER,

Defendant‑Appellant.

No. 09-3320
(D.C. No. 5:02-CR-40153-SAC-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, EBEL, and GORSUCH**, Circuit Judges.

Kevin X. Frater appeals a district court order detaining him pending trial on a charge of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The United States has elected not to file a response brief on appeal. We have jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In 2002, Frater owned and operated a private jet charter business in Florida. In December of that year he arranged for Austin Williams to travel on a private plane that was subsequently raided by drug enforcement agents while refueling in Salina, Kansas. Officers found approximately 153 kilograms of cocaine and arrested Williams, who told them he was working for Frater. Frater admits to arranging the charter, but denies knowledge of any drug transaction. At his detention hearing, however, the Government offered evidence of Frater's involvement in a drug trafficking conspiracy including taped phone calls between Williams and a man Williams identified as Frater. In January 2003, Williams and Frater were indicted on charges stemming from this December 2002 raid. Count 1 of the indictment charged both men with participating in a drug conspiracy in violation of 21 U.S.C. § 846, and Count 2 charged Williams with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Shortly after the raid, Frater flew to Spain, via Cuba, for what he claims was a scheduled vacation. Without returning to the United States, he moved on to England, where he resided for the next several years, before moving to the United Arab Emirates and gaining employment as a flight instructor. In April 2009, law enforcement officers detained Frater at Heathrow Airport in London as he and his family were returning to the UAE after a vacation. He was then extradited to the

United States by an English court and brought before the Kansas district court to face the 2003 charges. After a hearing, the district court granted the Government's request to detain Frater under 18 U.S.C. § 3142(e), concluding that it could not otherwise reasonably assure Frater's attendance at trial. On appeal, Frater argues the evidence was not sufficient to support the court's determination that he poses a flight risk.

**Discussion**

"We apply de novo review to mixed questions of law and fact concerning [a] detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). Under this standard, we see no basis to overturn the district court's order. In general, the Bail Reform Act expresses a preference for pretrial release; it permits detention only after a hearing and, as relevant here, only after a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(e). The charge that Frater faces, however, gives rise to a statutory presumption that nothing short of detention will reasonably assure his attendance at trial. *See id.* § 3142(e)(3)(A); *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) (per curiam). Accordingly, although the ultimate burden of persuasion remains with the Government, in order to justify his release, Frater must rebut this presumption with some evidence that

he is not a flight risk. *See Stricklin*, 932 F.2d at 1354-55. Moreover, even if he meets this burden, the district court is free to consider the presumption as a factor in determining whether to release or detain him. *Id.* at 1355.

On appeal, Frater relies heavily on what he perceives as weaknesses in the Government's case to challenge the district court's determination that he is a flight risk. As he points out, the Government dropped the conspiracy charge against his co-defendant, Williams, before trial and then failed to secure a conviction on the remaining charge against him. Nevertheless, we think the district court correctly assessed Frater's potential for flight. The evidence of Frater's involvement in drug trafficking went beyond Williams's statements. The Government proffered grand jury testimony from other co-conspirators supporting Williams's claim that he worked for Frater, as well as incriminating phone calls and phone records. We express no opinion on the strength of this evidence. But we note that even a weak case presents the threat of substantial jail time for Frater.

Balanced against this threat are Frater's scant ties to the United States and penchant for international travel and residence. Although he is a United States citizen and has family in New York, Georgia, and Florida, those ties evidently were not enough to keep him here or justify even one visit since his departure in December 2002 under, at best, suspicious circumstances. In short, we conclude that Frater's absence of substantial ties to the United States, coupled with his

foreign contacts, past behavior, and work history, support the district court's determination.

## Conclusion

The district court's order of detention is AFFIRMED. Ms. Trubey's motion to withdraw is GRANTED as far as the Federal Public Defender's obligation to represent Frater in this appeal. This order should not be construed as granting Ms. Trubey's companion motion filed in the district court, as that court must address any issues concerning Frater's representation in the on-going criminal proceeding.

Entered for the Court

Per Curiam