**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY DAVID JOHNSON,

    Defendant - Appellant.

No. 16-4052
(D.C. No. 2:11-CR-00501-DN-PMW-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Jeremy Johnson was convicted of making false statements to a bank in

violation of 18 U.S.C. § 1014, and the district court ordered him detained pending

sentencing. He now appeals the detention ruling. Exercising jurisdiction under

28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

## I.    Background

A jury convicted Mr. Johnson of eight counts of making false statements to a

bank and acquitted him of 78 other counts in connection with his operation of an

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

internet marketing business. The district court initially released Mr. Johnson with an ankle monitor pending sentencing, but the government sought detention.

The district court conducted a detention hearing, at which both parties presented extensive arguments and Mr. Johnson addressed the court. Applying 18 U.S.C. § 3143(a)(1), the district court ruled that a 0-to-6 month range is a recommendation for incarceration; thus, Mr. Johnson bears the burden to prove by clear and convincing evidence that he is not a flight risk or a danger. The court did not view Mr. Johnson as a danger, but it found he did not meet his burden on the flight-risk question. The court expressed "serious concerns" about his likelihood of non-appearance, Aplt. App. at 157, and, after outlining those concerns, ordered him detained pending sentencing. The sentencing hearing is set for July 29, 2016.

Mr. Johnson appeals the detention ruling on three grounds: (1) the presumption of detention in § 3143(a)(1) does not apply to him because a zero-month sentence is theoretically possible; (2) even if the presumption does apply, he met his burden of proving he is not likely to flee or pose a danger to the safety of others; and (3) this case presents substantial constitutional and other legal issues.

## II.    Analysis

"Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *see also United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003) (explaining that we review the district court's ultimate detention or release decision

2

de novo because it presents mixed questions of law and fact, but we review the underlying findings of fact for clear error). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on review of the entire record, is left with the definite and firm conviction that a mistake has been committed." *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (brackets and internal quotation marks omitted). We review the district court's findings with significant deference, cognizant that "our role is not to re-weigh the evidence." *Id.* at 515-16.

## A. Presumption of Detention

We turn first to Mr. Johnson's threshold argument that he is excepted from the presumption of detention because he *might* receive a zero-month sentence. There is a presumption of detention pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released [on personal recognizance, unsecured appearance bond, or conditions] under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). But that presumption does not apply to "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." *Id.* Mr. Johnson interprets this provision to mean that the presumption will never apply if the guideline range for a defendant begins at zero months, as it does for him if one only considers his base offense level of 7. *See* Aplt. Memo. at 6 ("By definition, a Guideline range that expressly includes

3

the option of *zero* imprisonment does not recommend imprisonment."). We are unpersuaded.

Mr. Johnson's narrow, restrictive interpretation of § 3143(a)(1) contravenes his own admission through counsel at the detention hearing that he "understands that he suffers a very, very real risk of going to prison," Aplt. App. 129. It also disregards the district court's conclusion that there is "a substantial likelihood" of incarceration in more than the 0-to-6 month range after enhancements. *Id.* at 157. Each count of conviction carries a 30-year maximum sentence. 18 U.S.C. § 1014. And the government estimates that enhancements under U.S.S.G. §§ 2B1.1(b), 3B1.1, and 3C1.1 could result in a total offense level of 37, with an estimated guideline range of 210 to 262 months. Enhancements are relevant because guidelines should be considered in their entirety. *See, e.g.*, U.S.S.G. § 1B1.5 (explaining that a reference to another guideline "refers to the entire offense guideline, (i.e., the base offense level, specific offense characteristics, cross references, and special instructions)"). While no prison time may be a theoretical possibility, Mr. Johnson has not convinced us it is a likely one.

In any event, the statutory language does not compel the construction Mr. Johnson urges. He insists that the district court's holding renders operative language of the statute inoperative; that is, because there are no guideline ranges of 0-to-0 months, the exception to the presumption of detention will never apply. But the statute references "applicable guideline[s] promulgated pursuant to" § 994. § 3143(a)(1). And that provision states that guidelines promulgated thereunder can

4

impose three possible categories of punishment: "probation, a fine, or a term of imprisonment." 28 U.S.C. § 994(a)(1). Probation and fines are examples of punishments that do not recommend a term of imprisonment. Accordingly, Mr. Johnson has failed to show that the presumption of detention in § 3143(a)(1) does not apply to him.

## B. Burden of Proof

To secure release after a guilty verdict, a defendant must rebut the presumption of detention with clear and convincing evidence that he is not a flight risk or a danger to any person or the community. *See* § 3143(a)(1) (imposing a "clear and convincing evidence" standard); Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."). The district court determined that Mr. Johnson did not satisfy this burden; to the contrary, it found, "it's actually clear and convincing that he is a risk of non-appearance." Aplt. App. at 161. We cannot find fault with this determination.

Granted, the probation office's report assigned Mr. Johnson a risk assessment score of 3% in predicting the likelihood of a failure to appear, new criminal arrest, or technical violation. In addition, Mr. Johnson produced some evidence that could support release, such as his faithfulness to the requirements imposed during his five-year pretrial release, his timely appearance at court dates, his family ties in Utah, a willingness to reinstate the bonds posted, and the surrender of his passport. But we are satisfied that the district court carefully weighed both parties' positions.

5

This is a complicated case, with a parallel proceeding underway in the District of Nevada, and the district court has the benefit of a five-year history with Mr. Johnson. Based on this extensive experience, the court expressed "serious concerns" regarding the risk of non-appearance. *Id.* at 157. The minute entry for the detention hearing references Mr. Johnson's "patterns of deception," "compliance with authority," and "ability to evade or push to not follow court orders." *Id.* at 2. The court provided numerous examples to substantiate its concerns during the hearing, including the fact that Mr. Johnson had a one-way ticket to Costa Rica and over $25,000 of cash at the time of his arrest. Mr. Johnson explains in his reply brief that he has a habit of buying one-way tickets; even so, the district court was understandably concerned by Mr. Johnson's travel behavior and access to large quantities of cash.

Against this backdrop, the district court explained in detail why Mr. Johnson's risk assessment score was not dispositive. It highlighted his "access to large sums of money and . . . concealed assets," as well as his "very wide support network," his travel experience, and his access to other countries and private aircraft. *Id.* at 131; *id.* at 157-59 (same). It discussed his gambling history and his participation in several questionable business deals pending trial, which raise "concern about deception and compliance with authority." *Id.* at 131-33; *see also id.* at 159 (discussing his "patterns of deception"). And it characterized him as having "an almost complete lack of integrity." *Id.* at 161-62; *see also id.* ("He always has a reason, and he always has an excuse, and he can't be trusted.").

6

Deferring to the district court's factual findings as we must, our review of the entire record does not leave us "with the definite and firm conviction that a mistake has been committed." *See Gilgert*, 314 F.3d at 515 (internal quotation marks omitted). Besides, we cannot reweigh the evidence on clear-error review, *see id.* at 515-16, and a factfinder's choice between two permissible views of the evidence cannot be clearly erroneous, *see Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). The district court considered the evidence presented in conjunction with the detention presumption and made the required factual findings to support its order.

## C. Constitutional Issues

Finally, Mr. Johnson advises that "substantial constitutional and other legal issues exist in the case" such that he has filed a motion for a new trial and contemplates an appeal. Aplt. Memo. at 18 (boldface and capitalization omitted). He states, for example, that the seizure of his assets deprived him of his Sixth Amendment right to counsel of his choice and that the trial court prejudiced him by referencing his appeal in the jury's presence and not admitting certain evidence. Mr. Johnson has not explained how a motion for a new trial or a possible appeal is relevant to his presentencing detention, so we decline to consider his last argument.

### III.   Conclusion

For these reasons, we affirm the district court's presentencing detention order.

Entered for the Court
Per Curiam

7