**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ELEAZAR RAMIREZ-OLIVAS,

    Defendant - Appellant.

No. 19-2077
(D.C. No. 2:19-MJ-00990-GBW-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Jose Eleazar Ramirez-Olivas (Ramirez) appeals the district court's pretrial

detention order.  Exercising jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C.

§ 1291, we affirm.

## I.  BACKGROUND

Ramirez was arrested and charged with intent to distribute and conspiracy to

possess with intent to distribute approximately 62.8 kilograms of marijuana, in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 21 U.S.C. §§ 841(a)(1) and 846.  At the detention hearing, he requested that he be released on bail pending trial.  But the magistrate judge ordered that he be detained, concluding that he is a flight risk and that no condition or combination of conditions would reasonably assure his appearance at trial.  More specifically, the magistrate found that the evidence against Ramirez is strong, he lived in and had strong ties to Mexico, and he lacked significant ties to the district of New Mexico, where the charges are pending.

Ramirez appealed the magistrate judge's detention order to the district court. The evidence and arguments at the hearing established that:

- Ramirez and his family lived in Mexico and he had been travelling to New Mexico to work for the past four years.

- Although he is a United States citizen, the government argued that because he has a claim to dual-citizenship with Mexico, a formal extradition process would be required to bring him back from Mexico if he did not return voluntarily.

- Ramirez has no ties to the United States other than his employer.

- He has no criminal history.

- Although there was some evidence that Ramirez intended to attempt to flee when Border Patrol agents stopped the vehicle in which he was transporting drugs, he admitted his involvement in the offense after drug-sniffing dogs alerted to the truck and the agents discovered the drugs.  He also admitted having participated in previous drug trafficking activities, explaining that he became involved in drug distribution because of financial pressures.

- Ramirez crossed the border approximately 300 times in the previous 18 months in at least three different vehicles, some with Arizona plates and some with New Mexico plates.  He acknowledged this evidence, explaining that his frequent crossings were work-related.

2

- The charged offense did not involve a victim and there is no evidence that Ramirez presents a safety risk to the community.

- The offense is a C-level drug offense with no mandatory minimum sentence, and the advisory guidelines range could be as low as twelve to eighteen months with the possibility of a time-served sentence or as high as twenty-seven to thirty-five months.

- Pretrial Services recommended that Ramirez be released to a halfway house pending trial.

Despite Pretrial Services' release recommendation, as discussed more fully below, the district court ordered Ramirez detained pending trial, agreeing with the magistrate judge's determinations that he is a flight risk and that no condition or combination of conditions could assure his appearance in court.

## II. DISCUSSION

### A. Legal Standards

Pre-trial release is governed by the Bail Reform Act, 18 U.S.C. § 3142 (the "Act"). The key factors are the risk of flight and potential danger to the community or any other person. *See* § 3142(e)(1). Here, the government did not contend that Ramirez represented a danger to the community; instead, it moved for pre-trial detention based solely on risk of flight. *See* § 3142(f)(2)(A) (providing that the government may move for pre-trial detention "in a case that involves . . . a serious risk that [the defendant] will flee").

If the court determines there is a flight risk, the government must then prove that there is no "condition or combination of conditions" that "will reasonably assure the [defendant's] appearance . . . as required [as well as] the safety of any other

3

person and the community." § 3142(e), (f). The Act directs district courts to consider a variety of factors in making that determination, including the nature and circumstances of the charged offense; the weight of the evidence; the danger to any person or the community if the defendant were released; and the defendant's history and characteristics, including his "character . . ., family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g).

The government has the burden of proof at pre-trial detention hearings. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). It "must prove risk of flight by a preponderance of the evidence," *id*., and that no condition or combination of conditions will ensure the defendant's appearance in court by clear and convincing evidence, § 3142(f)(2)(B). Here, because there was probable cause to believe that Ramirez committed a federal drug offense that carries a maximum term of imprisonment of ten years or more, there was a rebuttable presumption both of flight risk and that no condition or combination of conditions will reasonably assure Ramirez's appearance. 18 U.S.C. § 3142(e)(3)(A). Regardless of the shifting burdens of proof, "the burden of persuasion . . . always remains with the government." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). But the presumption does not disappear simply because the defendant produces some evidence, because even if he meets his burden of production, "the presumption

remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355.

"We apply de novo review to mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Cisneros*, 328 F.3d at 613. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on review of the entire record, is left with the definite and firm conviction that a mistake has been committed." *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (brackets and internal quotation marks omitted). "On clear error review, our role is not to re-weigh the evidence; rather, our review of the district court's finding is significantly deferential." *Id*. at 515-16 (internal quotation marks omitted).

## B.    Analysis

Ramirez claims the district court overemphasized the weight of the evidence against him and his ties to Mexico and gave insufficient weight to evidence that favored pretrial release, including his employment ties to the United States and Pretrial Services' recommendation that he be released. He claims the district court failed to conduct the individualized evaluation the Act requires and improperly presumed that a United States citizen with significant ties to Mexico was likely to flee to Mexico. We are not persuaded.

With respect to flight risk, the district court found it "notable" that Ramirez is a United States citizen but concluded that he had no significant ties to the United

States other than that he worked in New Mexico. Aplt. App. at 31. In contrast, the court found that he had strong ties to Mexico and that if he fled to Mexico "it could cause a long delay" and "there is little that could be done to bring [him] back." *Id*. at 32. The court further found that Ramirez had "a significant incentive to flee" to Mexico based on the strength of the case against him and "the consequences that [he] face[s] under the [sentencing] statute," even if he were sentenced "at the low end" of the parties' competing advisory guidelines estimates. *Id*. at 32-33.

In examining the relevant § 3142(g) factors, the court first found that the strength-of-the-evidence factor "weighs heavily towards" the government. *Id*. at 27. The court acknowledged Pretrial Services' release recommendation and characterized the release determination as "a close call," *id*. at 33, but concluded based on the totality of the evidence described above that Ramirez had presented insufficient evidence to overcome the presumption for detention.

Contrary to Ramirez's assertion, the district court did not make a categorical determination that a United States citizen who lives in Mexico necessarily poses a flight risk. Instead, the record establishes that the court conducted an individualized inquiry and considered the relevant statutory factors. Despite Ramirez's disagreement with the outcome of the district court's weighing of the parties' evidence and arguments, particularly with respect to the comparative strength of his ties to Mexico and his employment ties to the United States, we find no clear error in its findings of fact, and our review of the entire record does not leave us "with the

6

definite and firm conviction that a mistake has been committed." *Gilgert*, 314 F.3d at 515 (internal quotation marks omitted).

In so concluding, we reject Ramirez's argument that the district court failed to discuss whether any conditions of release could be fashioned to satisfy its concerns about flight. Ramirez did not ask the district court to consider any specific possible conditions of release other than release to a halfway house and surrender of his United States passport, and the court concluded that those conditions were insufficient to ensure his presence in court. He has cited no authority, and we are aware of none, for the proposition that a district court's failure to consider possible restrictions on release that the parties did not propose provides a basis for reversal of its detention decision. And his reliance on *United States v. Mobley*, 720 F. App'x 441 (10th Cir. 2017), is inapposite. In *Mobley*, this court remanded for additional findings of fact and an explanation of the reasons for the district court's pretrial detention order because the court's analysis of the § 3142(g) factors was so lacking as to preclude meaningful appellate review. 720 F. App'x at 445. Here, the district court discussed the statutory factors, made detailed findings of fact, and explained the basis for its ruling.

Accordingly, we affirm the court's order detaining Ramirez pending trial and deny his request that we remand the matter to the district court for further findings regarding potential conditions of release.

Entered for the Court
Per Curiam

7