**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER THOMAS CAMPAS,

    Defendant - Appellant.

No. 24-4003
(D.C. No. 2:23-CR-00403-DS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Christopher Thomas Campas has been charged with one count of attempted

coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), and one

count of travel with the intent to engage in illicit sexual conduct in violation of

18 U.S.C. § 2423(b).  He appeals the district court's detention order, which overruled

a magistrate judge's decision to release him pretrial with conditions.  Exercising

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we remand for further proceedings.

## I.    Background

Mr. Campas is a resident of Arizona who was working on a marijuana farm in Oregon.  He interacted online with an undercover agent who was representing himself to be a father offering his seven-year-old son for sexual activity with adults. Mr. Campas expressed interest in engaging in sexual acts with the young boy, and the parties arranged to meet up in Utah for that to happen.  Mr. Campas was arrested at the meeting location.

A magistrate judge conducted a detention hearing.  The government focused on the nature and circumstances of the charges, as well as Mr. Campas's statements after his arrest in which he expressed his belief that he wasn't doing anything wrong and that minors could consent to sexual activity with adults.  The government also noted that it had found through investigation that Mr. Campas was engaged in conversations with other undercover agents about his sexual interest in children.  And the government expressed concern that when a person is released it is difficult to limit the ability to engage in this type of conduct online.  For these reasons, the government argued there were no conditions that could protect the public if Mr. Campas was released pretrial.

In response, Mr. Campas's attorney emphasized that Mr. Campas had no criminal record, and so whatever his alleged beliefs were and whatever other discussions he had online, this was the first time he had acted out.  Counsel also

2

noted that Mr. Campas has family support and could live with his brother. Counsel then identified a number of conditions that could be imposed on release, including requiring Mr. Campas to actively seek employment, limiting contact with minors, and installing software on Mr. Campas's phone to monitor his communications.

The magistrate judge emphasized the serious nature of the charges against Mr. Campas and the allegations about Mr. Campas's belief system but noted there was no indication he had ever acted on his interest in sexual activity with children and further noted he had no criminal record. At the conclusion of the hearing, the magistrate judge determined Mr. Campas could be released pretrial because there was not enough to show that he posed an "unmanageable risk." Aplt. App., vol. I at 51. The magistrate judge also imposed "very strict conditions," *id.*, on Mr. Campas, including:

- Requiring him to maintain or actively seek employment or participate in an educational program.

- Requiring him to live with his brother in Tucson.

- Requiring him to turn in his passport.

- Prohibiting him from viewing, accessing, or possessing any sexually explicit materials of any sort—even content related to adults.

- Prohibiting him from contact with individuals under 18 years of age without supervision of an adult who is previously approved by the court.

- Requiring him to participate in a location restriction program, which the magistrate judge described as being subject to "home detention," *id.* at 56.

- Subjecting him to GPS monitoring.

- Requiring him to participate in a computer and internet monitoring program.

- Restricting his computer access solely to what is approved for employment.

*See id.* at 51-57.

The government sought review of the magistrate judge's release decision pursuant to 18 U.S.C. § 3145(a), and the district court held a hearing. The government did not present any new evidence at the hearing but instead continued to emphasize the seriousness of the allegations in the indictment and Mr. Campas's statements after his arrest. The government also argued for the first time that Mr. Campas presented a flight risk. Mr. Campas submitted two letters from his brothers attesting to his character and their willingness to support and supervise him if he was released pretrial. Defense counsel argued Mr. Campas should not be judged solely on the allegations in the indictment, and further argued the court could impose conditions of release on him, as the magistrate judge had. Counsel restated the conditions the magistrate judge had previously imposed and asserted they were "conditions that are routinely imposed." Aplt. App., vol. I at 75.

At the conclusion of the hearing, the district court stated it was basing its decision on the conversations between Mr. Campas and the undercover agent, its "experience with these types of cases in the past," and its "great respect . . . for [the magistrate judge]." *Id.* at 78. The court then found that Mr. Campas should be detained pending trial. After so finding, it also expressed the belief that the evidence against Mr. Campas was "very strong." *Id.* The court then asked the government to

4

prepare an order for the court to sign.  The court subsequently entered a short, written detention order that adopted the findings made on the record at the hearing.

Mr. Campas now appeals the detention order.

## II.    Analysis

The Bail Reform Act, 18 U.S.C. § 3142, sets out the framework for evaluating whether pretrial detention is appropriate.  In general, persons charged with a crime are not detained pretrial.  *See id.* § 3142(b).  But for some charges, including the charges against Mr. Campas, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." § 3142(e)(3)(E).  "Once the presumption is invoked, the burden of production shifts to the defendant."  *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).  But "the defendant's burden of production is not heavy," and only "some evidence must be produced."  *Id.* at 1355.  "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government."  *Id.* at 1354-55.  Even if a defendant rebuts the presumption, it remains a factor for consideration in the detention decision.  *Id.* at 1355.  The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

Under 18 U.S.C. § 3142(g), the judicial officer must consider four factors in making the detention decision:  "(1) the nature and circumstances of the offense

charged, including whether the offense . . . involves a minor victim"; "(2) the weight of the evidence against the person"; "(3) the history and characteristics of the person"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  A detention order must include "written findings of fact and a written statement of the reasons for the detention," § 3142(i), but a reviewing district court can state its reasons for detention "in writing, or orally on the record," Fed. R. App. P. 9(a).  When the government seeks review of a magistrate judge's release order under § 3145(a), the district court conducts a de novo review of the magistrate judge's release order.  *Cisneros*, 328 F.3d at 616 n.1.

We review a district court's pretrial detention decision de novo because it presents mixed questions of law and fact.  *Id.* at 613.  And we review the underlying findings of fact for clear error.  *Id.*

Mr. Campas raises four issues on appeal, but we need address only one—his broader argument the district court erred by failing to make findings required by the Bail Reform Act.  He contends "the record below suggests that the district court ignored at least three of the four mandatory considerations under § 3142(g)."  Aplt. Memo. Br. at 23-24.  He argues "the district court failed to consider any conditions of release, and summarily concluded that detention was appropriate."  *Id.* at 24.  And he further asserts that because "the record on appeal is devoid of any grounds for reviewing the adequacy of the court's decisions below[,]" remand is necessary.  *Id.* at 25.  We agree with Mr. Campas that the district court failed to make sufficient factual

findings regarding its detention decision at the hearing or in its written order.
We therefore cannot conduct meaningful appellate review of that decision and must remand to the district court.

The district court's explanation at the hearing for overruling the magistrate judge and revoking the pretrial release order was brief. It stated:

> Based on my preview, counsel, of this very important case, based on my review of the conversation with the undercover contact, based on my review of the specificity of that conversation, based on my review of experience with these types of cases in the past, and the great respect I have for Judge Oberg, the Court is of the view that there is no fact or set of facts that can guarantee public safety or appearance in this important matter. And I'm accordingly going to find that Mr. Campas be held pending trial in this very important case. I believe the evidence is very strong, and we'll just see how it unfolds as the case proceeds.

Aplt. App., vol. I at 77-78.

We conclude this explanation does not contain adequate factual findings to support the detention decision. The only § 3142(g) factor the district court addresses is § 3142(g)(2)—the weight of the evidence—as the court notes its belief that the evidence is "very strong." *Id.* at 78. The court also mentions its review of the conversation between the agent and Mr. Campas and the "specificity" of that conversation, *id.*, but it is not clear if that statement also speaks to the weight of the evidence or to another § 3142(g) factor. Next, the court references its "experience with these types of cases in the past," *id.*, but that is not one of the § 3142(g) considerations. The court then concludes its brief statement supporting its detention decision by seeming to rely on its "great respect" for Judge Oberg, the magistrate judge. *Id.* But the court's statement is confusing because the magistrate judge

7

determined Mr. Campas *could* be released pretrial with conditions yet the district court reached the opposite conclusion.  Finally, the district court misstates the standard for pretrial detention, stating its view that there is "*no fact or set of facts that can guarantee public safety or appearance in this important matter.*"  *Id.* (emphasis added).  But the standard requires the court to consider whether there are "*no condition or combination of conditions*" that can reasonably assure the appearance of the person as required and the safety of the community.  § 3142(e)(1) (emphasis added).

Except for § 3142(g)(2)—the weight of the evidence against the person—the district court failed to address the § 3142(g) factors.  And, although the court was purportedly reviewing de novo the magistrate judge's release decision, it failed to discuss that decision or the conditions of release the magistrate judge imposed.

The written detention order does not fill in the necessary findings.  Instead, it creates more confusion.

The written order begins by stating "[u]pon the motion of the government attorney pursuant to 18 U.S.C. § 3142(f)(1), the court held a detention hearing and found that detention is warranted."  Aplt. App., vol. I at 30.  But that is not an accurate description of the procedural background of the detention proceedings.  The magistrate judge held the initial detention hearing, s*ee id.* at 3, and then after the magistrate judge granted pretrial release with conditions, the government sought review of that decision pursuant to § 3145(a), *see id.* at 16.

8

The next sentence states "[t]his order adopts herein the court's findings of fact and conclusions of law articulated on the record at the hearing, as required by 18 U.S.C. § 3142(i)." Aplt. App., vol. I at 30. But the only finding of fact that can be gleaned from the district court's statements on the record at the hearing is that the weight of the evidence is strong (although even that is stated as a "belie[f]," *id.* at 78, as opposed to a factual finding).

The written order next discusses the rebuttable presumption in § 3142(e)(3)(E). But other than the government noting this is a case where the statutory presumption applies, Aplt. App., vol. I at 65, the presumption was not addressed at the hearing before the district court and no findings were made regarding the presumption on the record at the hearing, *see id.* at 64-78. The written order concludes, however, that "[t]he defendant has not introduced sufficient evidence to rebut the presumption." Aplt. App., vol. I at 30. This conclusion is not supported with sufficient factual findings.

The order next states that "the government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." *Id.* at 30-31. And "the government has proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." *Id.* at 31. The order concludes this paragraph by stating that "[t]he court made findings on the record at the hearing and those findings are adopted and incorporated herein." *Id.* at 31. But the district court did not make

9

sufficient factual findings at the hearing regarding possible conditions of release or Mr. Campas's danger to the community or risk of flight.

Neither the district court's statements at the hearing nor its written order adequately set out its factual findings and the reasons for its detention decision. When a district court is revoking a magistrate judge's pretrial release order, as is the case here, it is especially important that the court provide adequate findings and an explanation for its detention decision.

### III.    Conclusion

For the foregoing reasons, we remand for the district court to issue findings of fact and to explain the reasoning behind the detention decision or, alternatively, to order Mr. Campas's pretrial release subject to appropriate conditions.

Entered for the Court


Per Curiam