**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDREW ESTEFAN VALLE-ACOSTA,

    Defendant - Appellant.

No. 25-4130
(D.C. No. 2:25-CR-00342-TS-2)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **BACHARACH**, Circuit Judges.
_____

An indictment accuses Andrew Valle-Acosta of possessing fentanyl with the intent to distribute it. The district judge ordered his detention until trial. He appeals. We affirm.

I

The Bail Reform Act allows pretrial detention only if no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

---

[*] Oral argument would not help us decide this appeal, so we have decided it based on the record and the parties' filings. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). This decision is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

The detention decision must account for four factors: (1) the nature and circumstances of the charged offense (including whether it involves a controlled substance); (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger release would pose to a person or the community. *See* § 3142(g).

If probable cause exists to believe the defendant committed certain offenses (including, all agree, the offense charged in this case), courts must presume that no conditions will reasonably assure the defendant's appearance and the community's safety. *See* § 3142(e)(3)(A). When this presumption applies, the defendant has the burden to produce "some evidence" rebutting it. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). If the defendant rebuts the presumption, it still remains a factor relevant to the detention decision. *Id.*

Even if this rebuttable presumption applies, however, the burden of persuasion regarding the defendant's flight risk and danger to the community "always remains with the government." *Id.* at 1354–55. The government must prove flight risk by a preponderance of the evidence. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).[1]

II

The district judge's detention order addressed each statutory factor.

---

[1] Danger to the community is not an issue in this appeal.

2

The nature and circumstances of the charged offense, the judge concluded, favored detention. The charge against Mr. Valle-Acosta carries a mandatory minimum prison term of 10 years and a maximum term of life. *See* 21 U.S.C. § 841(b)(1)(A)(vi). The government alleges that Mr. Valle-Acosta sold fentanyl to an informant. When law enforcement later arrested him, he had 200 fentanyl pills on him and told officers they would find more pills at his residence. Officers ultimately found roughly 97,000 fentanyl pills in the residence.

The judge determined that the weight of the evidence favored detention, too, citing what it characterized as strong evidence against Mr. Valle-Acosta.

But Mr. Valle-Acosta's history and characteristics, the judge concluded, presented a closer question. On the one hand, Mr. Valle-Acosta has "a very limited criminal history" and the support of his pregnant girlfriend and her family. Aplt. App. at 39. On the other hand, he has "significant and longstanding ties to Honduras." *Id.* at 40. Born in the United States, he moved to Honduras with his mother and brother when he was roughly five years old. He returned to the United States at the age of 18, less than two years before his arrest. He maintains a close relationship with his mother and brother, who still live in Honduras. On balance, the judge said, Mr. Valle-Acosta's history and characteristics slightly favored detention.

Evaluating the danger posed by Mr. Valle-Acosta's release, the judge recognized the government's concern that he would be able to obtain large amounts of fentanyl to distribute in the community.

3

While acknowledging that some circumstances favored release, the judge ultimately concluded that Mr. Valle-Acosta's ties to Honduras, his limited time in the United States, and his significant sentencing exposure combined to create a flight risk that no release conditions could reasonably mitigate.

III

We accept the district judge's findings of historical fact unless they are clearly erroneous. *See Cisneros*, 328 F.3d at 613. We review de novo the judge's application of the law to the facts, including the ultimate detention decision. *See id.*

Mr. Valle-Acosta challenges the detention order because it did not discuss his proposed release conditions—including that he live with his girlfriend's sister, surrender his passport, submit to home detention, and leave the state or country only with permission. Although the district judge held that no conditions could reasonably assure Mr. Valle-Acosta's appearance in court, the order did not specifically mention his proposed conditions. This omission, Mr. Valle-Acosta says, requires us to remand for additional analysis.

We are not persuaded. A detention order must "include written findings of fact and a written statement of the reasons for the detention." § 3142(i)(1). The district judge made relevant factual findings, considered each required factor, and explained why no release conditions could reasonably assure Mr. Valle-Acosta's appearance.[2] The statute required nothing more.

---

[2] We disagree with Mr. Valle-Acosta's claim that the judge "summarily" concluded no conditions could reasonably assure his appearance. Aplt. Mem. Br. at

Granted, some of our unpublished decisions have faulted district courts for failing to address possible release conditions. *See, e.g.*, *United States v. Campas*, No. 24-4003, 2024 WL 687716, at *4 (10th Cir. Feb. 20, 2024); *United States v. Mobley*, 720 F. App'x 441, 444 (10th Cir. 2017). But in those cases, aside from not addressing possible release conditions, the courts failed to adequately address the § 3142(g) factors as the statute requires. Those cases offer no support for the idea that a district court must address specific release conditions when it has already adequately addressed the § 3142(g) factors and explained why *no conditions* could reasonably assure the defendant's appearance.

In addition to challenging the detention order's failure to discuss his proposed release conditions, Mr. Valle-Acosta says the judge was wrong to conclude that they would not reasonably assure his appearance in court. He highlights that the government itself never addressed the proposed release conditions. Nor, he says, did the government demonstrate that he had access to cash, access to false travel documents, or the ability to reach Honduras from Utah without a passport. And he claims the judge underestimated the difficulty of such a journey.

We agree with the district judge's conclusion that no release conditions could reasonably assure Mr. Valle-Acosta's appearance. We have no doubt that flight to Honduras without a passport would entail many significant obstacles. Even so, the

---

16. To support the conclusion, the judge relied on Mr. Valle-Acosta's strong ties to Honduras, his limited time in the United States, his lack of a legitimate work history in the United States, and his sentencing exposure.

incentive to attempt it remains strong given Mr. Valle-Acosta's ties to that country and his sentencing exposure.

We are unpersuaded by Mr. Valle-Acosta's argument that his history and characteristics favor release. We agree with the district judge that although some aspects of his history and characteristics favor release, they are outweighed by other aspects favoring detention—his strong ties to Honduras and limited ties to the United States.[3]

\* \* \*

The detention order is affirmed.

Entered for the Court

Per Curiam

---

[3] We reject Mr. Valle-Acosta's arguments relying on an FBI report not presented to the district judge before the detention order was issued. After all, we "generally limit our review on appeal to the record that was before the district court when it made its decision." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).